**FRANK C. GILMORE, ESQ. - NSB #10052**
frank@gilmoregroupnv.com
The Gilmore Law Group PLLC
1495 Ridgeview Drive, Suite 90
Reno, Nevada 89519
Telephone:      (775) 848-6387
Facsimile:      (775) 996-9898
*Attorneys for Plaintiff and*
*Vladimir Ivanov*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BLUE WATER PETROLEUM CORP., a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ATAKAM GROUP INC., a Wyoming Corporation; ANDREW OSICHNUCK, aka ANDREI OSICHNUK, an individual; ALEXANDER DEKHTYAR, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:24-cv-00203-MMD-CSD <br><br><br><br> **JOINT PRETRIAL ORDER** |
| ATAKAM GROUP INC., a Wyoming Corporation; ANDREW OSICHNUCK, aka ANDREI OSICHNUK, an individual; ALEXANDER DEKHTYAR, an individual, <br><br> Counterclaimants, <br><br> vs. <br><br> BLUE WATER PETROLEUM CORP., a Nevada corporation; NEVADA AGENCY AND TRANSFER COMPANY, a Nevada corporation; and VLADIMIR IVANOV, and individual, DOE INDIVIDUALS I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Counter-defendants. | |

MAC: 17688-001 (#5991508.4)

1    Plaintiff Blue Water Petroleum Corp., a Nevada corporation ("Blue Water" or "Plaintiff"),

2    Counterdefendant Vladimir Ivanov ("Ivanov"), Defendants ATAKAM GROUP INC., a Wyoming

3    Corporation, ANDREW OSICHNUK, aka ANDREI OSICHNUK, an individual, ALEXANDER

4    DEKHTYAR (collectively "Defendants") hereby submit the following joint pretrial order pursuant

5    to this Court's Order.[1]

6    **I.      This is an action for:**

7         **For Plaintiff/Counterdefndants:**    This is a Declaratory Relief and Injunctive Relief

8    Claim in which Plaintiff Blue Water Petroleum ("BWPC") contends that Defendants ANDREW

9    OSICHNUK and ALEXANDER DEKHTYAR wrongfully retained shares of BWPC stock after a

10   failed acquisition of Defendant ATAKAM in which share Certificates were issued to Defendants in

11   accordance with the acquisition.  The parties executed a series of agreements in which BWPC was

12   to make payments to Defendants in exchange for the return of the stock.  The parties entered into a

13   "Debt Distribution Agreement" dated November 23, 2023.  According to the terms of the DDA,

14   earlier agreements were to be "unwound and cancelled."  The Parties agreed to use attorney Jonathan

15   Leinwand PA, as the escrow agent for DDA transaction.  Defendants were obligated, "within five

16   business days after the execution of [the DDA] Agreement and after transfer of $20,000 to the

17   escrow account with Jonathan Leinwand PA, [to] transfer the 4,500,000 shares (certificate CS1-

18   1135), 1,250,000 shares (certificate CS1-1131) of BWPC issued to the name of Andrew Osichnuk,

19   and 1,250,000 shares (certificate CS1-1130) of BWPC issued to the name of Alexander Dekhtyar

20   to the escrow account with Jonathan Leinwand PA."  These three Certificates identified are the

21   Disputed Certificates.  At no time did Defendants deliver the Disputed Certificates to the Leinwand

22   escrow.  Because Defendants failed to comport with the conditions precedent of the DDA, the DDA

23   was breached by Defendants.  Because the DDA was breached by Defendants, the obligations of

24   BWPC contained therein are unenforceable, and the Disputed Certificates are wrongfully held by

25   Defendants.  Defendants have alleged that BWPC breached the DDA.  Even if that were true, the

26

27   _____

[1] The Counterclaimants have reached a settlement with Counterdefendants Nevada Agency and Transfer Company ("NATCO"), and a separate notice of settlement will be submitted

28   contemporaneously with this Joint Pretrial Order. Accordingly, NATCO is not party to this Joint Pretrial Order.

MAC: 17688-001 (#5991508.4)

DDA provides that the sole remedy to them by virtue of a breach, the Certificates would be sold to satisfy notes payable to Defendants and the balance returned to BWPC.

**For Defendants/Counterclaimants:** While this litigation was initiated by plaintiff Blue Water Petroleum Corp. ("Plaintiff" or "BWPC"), it is not the injured party here. Defendants are the true victims as BWPC, its management, Vladimir Ivanov ("Ivanov"), and its transfer agent, Nevada Agency and Transfer Company ("NATCO") have worked in concert to interfere and delay Defendants' rights as stockholders and creditors of BWPC.

Notably, BWPC has defaulted on each of its promissory notes with Defendants.  Under these promissory notes, Defendants are not only entitled to repayment of the principal, but they are also entitled to their accrued interest and attorney fees and costs incurred for having to recover on the notes. What is worse, BWPC, NATCO, and Mr. Ivanov have also wrongfully delayed and interfered with the transfer of Defendants' stock. They have done so in blatant defiance of their duties under Nevada law to perform the statutory functions involved in processing a request to register a transfer of securities.[2] As a result, Defendants have incurred, and will continue to incur, millions of dollars in damages.

Accordingly, Defendants are compelled to hold BWPC, NATCO, and Mr. Ivanov accountable for their wrongful conduct, and thus, bring the following counterclaims: (1) declaratory relief against BWPC and NATCO; (2)  conversion/failure to transfer shares against BWPC and NATCO; (3) breach of contract against BWPC; (4) breach of the implied covenant of good faith and fair dealings against BWPC; (5) intentional interference with contractual relations against Mr. Ivanov; (6) civil conspiracy against all counterdefendants; (7) aiding and abetting against all counterdefendants; and (8) unjust enrichment against all counterdefendants.

**II.**    **Statement of Jurisdiction**:

Jurisdiction is based upon diversity pursuant to 28 U.S.C. §1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. With respect to the citizenship of Plaintiff, BLUE WATER PETROLEUM CORP., is a publicly

---

[2] *See* NRS Chapter 104, Article 8, et seq.

3

MAC: 17688-001 (#5991508.4)

1  traded Nevada corporation (OTC: BWPC) registered to do business in Nevada, with its primary

2  place of business in Cheyenne, Wyoming.

3        Defendant/Counterclaimant ATAKAM GROUP, INC. ("Atakam"), is a Wyoming

4  corporation with its primary place of business in Cheyenne, Wyoming. Defendant/Counterclaimant

5  ANDREW OSICHNUK is citizen of the State of Texas. Defendant/Counterclaimant ALEXANDER

6  DEKHTYAR is citizen of the State of California.

7        Counterdefendant NATCO is a corporation that is incorporated in Nevada, with a principal

8  office in Reno, Nevada. Counterdefendant VLADAMIR IVANOV is a citizen of Estonia, but is

9  conducting business in the State of Nevada.

10        As for the amount in controversy, Plaintiff/Counterdefendant seeks declaration as to the title

11  and ownership of BWPC stock in excess of $75,000. Moreover, Defendants/counterclaimants seek

12  monetary damages in excess of $75,000.

13  **III.**     **The following facts are admitted by the parties and require no proof:**

14      1.     Plaintiff BLUE WATER PETROLEUM CORP., is a publicly traded Nevada

15  corporation ("BWPC" or "Plaintiff") (OTC: BWPC) registered to do business in Nevada, with its

16  primary place of business in Cheyenne, Wyoming.  BWPC is a publicly traded on the OTC market

17  exchange.[3]

18      2.     BWPC is a global environmental technology provider supplying technology

19  solutions to the oil and gas sectors.  It specializes in the treatment of contaminated water and

20  effluents produced by oil and gas industry by developing and implementing transportable, on-site,

21  modular pyrolysis systems, which incorporate hydrocarbon recovery and recycling technologies.

22      3.     Defendant ATAKAM GROUP, INC. ("Atakam"), is a private Wyoming corporation

23  with its primary place of business in Cheyenne Wyoming.

24      4.     Atakam is a company that specializes in eliminating environmental pollution

25  problems by creating clean alternatives. It develops various technologies, products, and processes

26

27  [3] OTC Markets Group ("OTC") (formerly known as Pink Sheets) is a financial market in the
United States which provides price and liquidity information for over-the-counter (i.e. OTC)
28  securities.

designed to produce clean energy and heat for consumers with no emissions. Atakam worked with a Ukrainian company, Pyrolysis Technology Group, for several years. Atakam manufactured pyrolysis recycling machines and has a multi-year history of supplying machines for the oil industry in Russia and Europe.

5.     Defendant ANDREW OSICHNUK ("Osichnuk") is an citizen of the State of Texas and is a former Director of Atakam and a former Director and a former officer of Plaintiff BWPC. Mr. Osichnuk is also a stockholder and creditor of BWPC.

6.     Defendant ALEXANDER DEKHTYAR is an individual residing in the State of California, and was a former Director of Atakam and a former Director of BWPC. Mr. Dekhtyar is a stockholder and creditor of BWPC.

7.     Mr. Ivanov is a citizen of Estonia, an officer and director of BWPC, and is conducting business in the State of Nevada. Mr. Ivanov is also a stockholder of BWPC.

8.     NATCO is a corporation that is incorporated in Nevada, with a principal office in Reno, Nevada. NATCO is a transfer agent registered with the Securities and Exchange Commission ("SEC"). On or about June 8, 2022, NATCO became the registered transfer agent for BWPC. BWPC's securities are registered under the Securities Exchange Act of 1934 ("1934 Act"). NATCO was terminated as BWPC's transfer agent on or about July 8, 2024.

9.     As a publicly traded company, BWPC is required to meet accurate reporting standards under the 1934 Act. Under OTC standards, companies like BWPC must retain a transfer agent that participates in the Transfer Agent Verified Share Program. Transfer agents are crucial to publicly traded companies, as they are responsible for recording changes of stock ownership, maintaining security holder records, cancelling and issuing certificates, and distributing dividends. They are also necessary to remove restrictions on securities.

10.     As part of its duties, NATCO maintained a stock ledger for BWPC. According to BWPC's stock ledger, BWPC has authorized 950,000,000 shares of common stock and 150,000,000 of preferred stock, and has 208,089,231 total issued and outstanding common shares.

11.     Atakam's relationship with BWPC began in early 2020. In early 2020, Mr. Osichnuk and Mr. Dekhtyar met with BWPC representatives and presented a potential transaction in which

MAC: 17688-001 (#5991508.4)

BWPC would acquire 100% of Atakam's stock, BWPC would on-board Atakam's management team, and BWPC fund Atakam's future projects.

12.     On or about May 18, 2020, the parties entered into a Definitive Acquisition Agreement (the "Original Agreement"). Pursuant to this Original Agreement, BWPC acquired 100% of Atakam's stock in exchange for issuance of shares in BWPC to Atakam's management team (the "Atakam acquisition"). However, BWPC proposed the parties enter into a subsequent agreement amending and/or superseding the Original Agreement.

13.     On or about December 1, 2020, the parties executed the "Definitive Acquisition Agreement Amendment" (the "Agreement"), which, among other things, amended and/or superseded the Original Agreement, and closed on December 15, 2020. Pursuant to the Agreement, Atakam sold 100% of its outstanding stock to BWPC in exchange for issuance of BWPC shares to Atakam's management team, including Mr. Osichnuk and Mr. Dekhtyar. Specifically, the Agreement provided that Atakam issue 25,000,000 shares of stock in BWPC.

14.     Pursuant to the Agreement, BWPC agreed, among other things, to provide Atakam one million dollars ($1,000,000.00) in project financing within 180 days; appoint Mr. Osichnuk as a director, treasurer, chief financial officer, and secretary of BWPC; and appoint Mr. Dekhtyar as a director of BWPC.

15.     Following the acquisition, BWPC did not obtain the one million dollars ($1,000,000.00) in anticipated project financing for Atakam's projects. However, BWPC did issue shares to the Atakam stockholders.

16.     According to BWPC's stock ledger, BWPC issued: 15,750,000 shares of BWPC common stock to Mr. Osichnuk, which are evidenced by certificate numbers CS1-1131, CS1-1135, and CS1-1143; 15,750,000 shares of BWPC common stock to Mr. Dekhtyar, which are evidenced by certificate numbers CS1-1130, CS1-1134, and CS1-1142; and another 33,350,000 shares to others who are not parties to this case, but were affiliated with Atakam (collectively the "Atakam Stockholders").

17.     At the time of their issuance, Mr. Osichnuk and Mr. Dekhtyar's shares (collectively the "Shares"), constituted "restricted securities," as defined in Rule 144, as promulgated by the SEC

MAC: 17688-001 (#5991508.4)

under the Securities Act of 1933, as amended (the "1933 Act"). The Shares thus contained a standard "1933 Act" restrictive legend.

18.    On March 16, 2022, Mr. Ivanov executed an Action by Written Consent of the Directors ("Consent"), appointing himself as a Director of BWPC.

19.    On or about September 15, 2022, BWPC entered into two (2) separate promissory notes (the "Promissory Notes") with Mr. Dekhtyar and Mr. Osichnuk, respectively. Under the Promissory Notes, BWPC agreed, among other things, to pay Mr. Dekhtyar and Mr. Osichnuk each fifty thousand dollars ($50,000.00) on or before September 15, 2023. To date, BWPC has not made any payment under the Promissory Notes.

20.    On or about November 1, 2022, BWPC and Atakam executed a "Contract Amendment" (hereinafter the "Amendment").

21.    In or around November 23, 2023, BWPC and Atakam executed the "Debt Disbursement Agreement" (the "Disbursement Agreement"). However, both parties contend that certain terms and conditions under the Disbursement Agreement were not satisfied.

22.    On or about December 13, 2023, Mr. Ivanov ("Ivanov") of BWPC instructed NATCO to place a stop on any transfer request made by Mr. Osichnuk and Mr. Dekhtyar to prevent any transfer of their shares. BWPC and Mr. Ivanov's request included a request to stop any removal of the restrictive legend from Mr. Osichnuk and Mr. Dekhtyar's shares.

23.    In January 2024, Mr. Osichnuk and Mr. Dekhtyar presented a transfer request to NATCO (the "Transfer Request").

24.    On March 7, 2024, BWPC filed this lawsuit in the Second Judicial District Court in Washoe County (the "State Court") and obtained an *ex parte* TRO enjoining the shares. The case was later removed to this Court.

25.    On July 2, 2024, this Court denied BWPC's motion for temporary restraining order and preliminary injunction.

26.    On July 5, 2024, NATCO resigned as the transfer agent and registrar for BWPC. On July 8, 2024, NATCO sent a Rule 17Ad-16 Notice (the "Notice") to the Depository Trust & Clearing Corporation ("DTCC").

MAC: 17688-001 (#5991508.4)

27.     Pursuant to the Notice, NATCO was removed as BWPC's agent from the FAST system, thereby preventing delivery of shares via Digital World Acquisition Corp. ("DWAC") or the Direct Registration System ("DRS"). The Notice did not include a successor transfer to effectuate any share transfers. To this date, BWPC does not have a registered transfer agent.

28.     To date, Mr. Osichnuk and Mr. Dekhtyar's Shares have still not been transferred or registered. Thus, they have unable to sell their Shares on the open market.

IV.   **The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

**N/A**

V.   **The following are the issues of fact to be tried and determined at trial.**

1.     Following the acquisition, Counterclaimants assigned their Atakam stock to BWPC. Atakam provided BWPC with, among other things, financial documents, business plans, and other disclosures necessary to be compliant under the Agreement. Atakam further transferred its website, fully equipped office in Cheyenne, Wyoming, telephone and fax lines, certified engineering documentation (and all accompanying certificates of conformity), a partnership agreement with Pyrolysis Technology Group, and several patents and technologies to BWPC. Atakam further transferred, assigned, and conveyed the properties and assets itemized in the Agreement to BWPC, among other things.

2.     Pursuant to the Amendment, BWPC agreed, among other things, that the shareholders of Atakam Group would retain the 4,500,000 and 1,250,000 shares of BWPC issued to Mr. Osichnuk;  BWPC would fund Atakam under the direction of the board of directors; BWPC would contribute two million five hundred thousand dollars ($2,500,000.00) to Atakam over the course of 18 months; within 90 days of execution of the Amendment, Mr. Osichnuk would return to his role of CFO and director; and that Mr. Dekhtyar would be named director and Chief Communications Officer of BWPC.

3.     BWPC did not make its $2,500,000 contribution to Atakam, and did not appoint Mr. Dekhtyar and Mr. Osichnuk to their management/director positions with BWPC.

8

THE GILMORE LAW GROUP

1495 RIDGEVIEW DR. SUITE 90 RENO, NV 89519 | P: 775-848-6387 | F: 775-996-9898

4.      Defendants contend that the parties would only "unwind and cancel" the Amendment upon "full payments by BWPC" which were never received. Plaintiff contends that Defendants failed to deliver the certificates for their Shares to escrow as prescribed in the Disbursement Agreement.

**VI.    The following are the issues of law to be to be tried and determined at trial.**

1.      Whether the Disbursement Agreement is valid and unenforceable.

2.      Whether the Disbursement Agreement is to be rescinded or cancelled due to the failure to satisfy an express condition precedent.

3.      Whether the Distribution Agreement was materially breached by Defendants' failure to deliver the Disputed Certificates to Leinwand.

4.      Whether the Distribution Agreement was materially breached by Plaintiff's failure to deliver $20,000 to Leinwand.

5.      If Plaintiff breached the Distribution Agreement by failure to deliver $20,000 to Leinwand, what are Defendants' remedies.

6.      If Defendants breached the "Debt Distribution Agreement" by failure to deliver the Disputed Certificates to Leinwand, what are Plaintiff's remedies.

7.      Whether BWPC and NATCO failed to remove the standard 1933 Act restrictive legends from the Shares.

8.      Whether NATCO and BWPC failed to transfer the Shares and unreasonably delayed in transferring the Shares.

9.      Whether BWPC breached and/or failed to perform its obligations under the Amendment by failing to provide and/or contribute the agreed upon funding for Atakam's projects.

10.     Whether BWPC breached and/or failed to perform its obligations under the Amendment by failing to appoint and/or retain Mr. Dekhtyar and Mr. Osichnuk in their respective management/director positions with BWPC.

11.     Whether BWPC breached and/or failed to perform its obligations under the Amendment by interfering with transfer of the Shares.

12.     Whether BWPC breached and/or failed to perform its obligations under the

9

MAC: 17688-001 (#5991508.4)

Amendment by attempting to cancel the Amendment.

13.    Whether BWPC breached and/or failed to perform its obligations under the Amendment by attempting to oust Mr. Osichnuk and Mr. Dekhtyar from their management/director roles within BWPC.

14.    Whether BWPC breached and/or failed to perform its obligations under the Amendment by attempting to cancel the Shares.

15.    Whether BWPC breached the Promissory Notes by failing to pay the amounts due in a timely manner.

16.    Whether Mr. Ivanov committed intentional acts intended or designed to disrupt Counterclaimants contractual relationship or cause BWPC to breach its contracts with Counterclaimants.

17.    Whether Counterdefendants acted in concert in civilly conspiring to commit the above-identified wrongful acts or torts.

18.    Whether Counterdefendants substantially assisted and encouraged each other to commit the above-identified wrongful acts or torts against Counterclaimants.

19.    Alternatively, whether Countdefendants appreciated, accepted, and retained those benefits under circumstances such that it would be inequitable for them to retain the benefits without payment for the value thereof.

**VII.    (a)    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

N/A

**(b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

(1)    Plaintiff's exhibits:

| DATE | DOCUMENT | BATES STAMP |
|------|----------|-------------|
| December 1, 2020 | Definitive Acquisition Agreement Amendment | BWPC_000001-BWPC_000007 |

MAC: 17688-001 (#5991508.4)

| July 23, 2021 | Atakam Certificates (VOID) | BWPC_000008-BWPC_000019 |
|---|---|---|
| March 16, 2022 | Board of Directors Resolution. Kreidler | BWPC_000020-BWPC_000021 |
| March 16, 2022 | Board of Directors Resolution. Osichnuk and Dekhtyar | BWPC_000022-BWPC_000025 |
| March 16, 2022 | Board of Directors Resolution | BWPC_000026-BWPC_000030 |
| April 28, 2022 | Board of Director Resolution with Shareholders Certificates.Ivanov. | BWPC_000031-BWPC_000042 |
| April 28, 2022 | Board of Director Resolution with Shareholders Certificates.Ivanov | BWPC_000043-BWPC_000054 |
| October 5, 2022 | Board of Director Resolution.Osichnuk | BWPC_000055-BWPC_000056 |
| November 10, 2023 | Debt Disbursement Agreement.copy | BWPC_000057-BWPC_000060 |
| November 10, 2023 | Debt Disbursement Agreement | BWPC_000061-BWPC_000064 |
| November 23, 2023 | Disclosure Statement Pursuant to the Pink Basic Disclosure Guidelines | BWPC_000065-BWPC_000085 |
| January 19, 2024 | Atakam Demand Letter | BWPC_000086-BWPC_000099 |
| February 2, 2024 | Osichnuk Opinion Letter | BWPC_000100-BWPC_000104 |
| February 2, 2024 | Email to Osichnuk and Gilmore.Amanda Cardinalli | BWPC_000105-BWPC_000108 |
| December 13, 2023 | Email Re Blue Water Certificates Hold Request | BWPC_000109-BWPC_000111 |
| December 15, 2023 | Email Re Blue Water – Griskovecs | BWPC_000112-BWPC_000114 |
| February 21, 2024 | Email Re:  Blue Water – Legal Opinion Letter Opinion – Andrew Osichnuk | BWPC_000115-BWPC_000118 |
| February 22, 2024 | Email Re:  Blue Water Petroleum Company Legal Opinion – Andrew Osichnuk | BWPC_000119-BWPC_000121 |
| February 29, 2024 | Email Re:  Blue Water Petroleum Corp– Andrew Osichnuk | BWPC_000122-BWPC_000125 |
| March 3, 2024 | Email Re:  FedEx Shipment 271644297756 | BWPC_000126-BWPC_000130 |
| October 5, 2022 | Email re Aquora Cancellation Resolution | BWPC_000131 |
| January 24, 2023 | Email re Atakam/BWPC Updated Material Request | BWPC_000132 |
| August 30, 2022 | Email re Atakam and Aquora Financial Statement Request | BWPC_000133 |

MAC: 17688-001 (#5991508.4)

| August 30, 2022 | Email re Atakam and Aquora Patents | BWPC_000134 |
|---|---|---|
| January 25, 2022 | Email string re Atakam/BWPC Updated Material Report | BWPC_000135-BWPC_000136 |
| January 25, 2022 | Email string re Atakam BWPC Updated Material Request | BWPC_000137-BWPC_000141 |
| November 27, 2023 | Email re Blue Water Atakam | BWPC_000142 |
| January 8, 2024 | Email re Blue Water Petroleum Corp Enquiry | BWPC_000143-BWPC_000144 |
| May 7, 2020 | GLOBEX BOD ATACAM issuance | BWPC_000145 |
|  | Shareholder List 1196 defendants redacted | BWPC_000146-BWPC_000156 |
| November 10, 2023 | Debt Disbursement Agreement | BWPC_000157-BWPC_000160 |
| April 27, 2022 | Action by Written Consent of Director of Blue Water Petroleum Corp | BWPC_000161-BWPC_000162 |
| April 13, 2022 | Action by Witten Consent of the Directors of Blue Water Petroleum Corp | BWPC_000163 |
|  | GLOBEX 20220428 Shareholder List redacted | BWPC_000164-BWPC_000171 |
| April 20, 2022 | Blue Water Petroleum Corp Issuance Instruction Letter | BWPC_000172 |
| June 8, 2022 | Blue Water Petroleum Corp letter to Globex Transfer, LLC re termination of transfer agent services | BWPC_000173-BWPC_000174 |
|  | Voided Blue Water Petroleum Certificates | BWPC_000175 |
|  | Unsigned Certificate of Passage of Resolutions Appointing Transfer Agent and Registrar | BWPC_000176-BWPC_000177 |
| October 7, 2022 | Letter from Nevada Agency and Transfer Company to Andrew Osichnuk | BWPC_000178 |
|  | NATCO Company Information Form | BWPC_000179-BWPC_000180 |
| March 6, 2022 | Action by Written Consent of the Directors of Blue Water Petroleum | BWPC_000181-BWPC_000185 |
| August 24, 2022 | Action by Written Consent of the Directors of Blue Water Petroleum Corp | BWPC_000186-BWPC_000187 |
| March 7, 2020 | Transfer Instruction Letter | BWPC_000188 |
| December 5, 2023 | Email re Atakam/Blue Water | BWPC_000189-BWPC_000190 |
| August 22, 2024 | Email re Blue Water Petroleum Corp – Transfer Agent Information Request | BWPC_000191-BWPC_000193 |

   (2)  Defendants/Counterclaimants' exhibits:

   1.  Acquisition Agreement between Blue Water Petroleum and Aquora, dated July 20, 2021, Bates Stamp ATAKAM 000001-8;

   2.  Actions by Consent of the Shareholders of Blue Water Petroleum, dated July 22, 2021, Bates Stamp ATAKAM 000009;

   3.  Transfer Instruction Letter from Blue Water Petroleum to Globex Transfer, dated

1    July 22, 2021, Bates Stamp ATAKAM 000010;

2        4.    Blue Water Petroleum Corporate Resolution, dated July 22, 2021, Bates Stamp

3    ATAKAM 000011;

4        5.    Letter from Globex Transfer to Osichnuk re Blue Water Petroleum Certificates, dated

5    July 23, 2021, Bates Stamp ATAKAM 000012-19;

6        6.    Patent Assignment Agreement between Yankovyi and Aquora, dated January 11,

7    2020, Bates Stamp ATAKAM 000020-35;

8        7.    Action by Written Consent of Blue Water Petroleum, dated May 7, 2020, Bates

9    Stamp ATAKAM 000036-44;

10        8.    Definitive Acquisition Agreement between Blue Water Petroleum and Atakam

11   Group, dated May 18, 2020, Bates Stamp ATAKAM 000045-50;

12        9.    Definitive Acquisition Agreement Amendment between Blue Water Petroleum and

13   Atakam Group, dated December 1, 2020, Bates Stamp ATAKAM 000051-57;

14        10.    Atakam Group 2022 Business Plan re Used Tires Recycling Plant, Bates Stamp

15   ATAKAM 000058-96;

16        11.    Promissory Note between Blue Water Petroleum and Apricus Capital, dated

17   September 15, 2022, Bates Stamp ATAKAM 00097-99;

18        12.    Promissory Note between Blue Water Petroleum and Dekhtyar, dated September 15,

19   2022, Bates Stamp ATAKAM 000100-102;

20        13.    Promissory Note between Blue Water Petroleum and Osichnuk, dated September 15,

21   2022, Bates Stamp ATAKAM 000103-105;

22        14.    Contract Amendment between Atakam and Blue Water Petroleum, dated November

23   1, 2022, Bates Stamp ATAKAM 000106-112;

24        15.    Debt Disbursement Agreement between Atakam Group and Blue Water Petroleum,

25   dated November 10, 2022, Bates Stamp ATAKAM 000113-116;

26        16.    Letter from Maller to Blue Water Petroleum re Promissory Notes and Other Amounts

27   owed to Alex Dekhtyar and Andrew Osichunuk, dated January 19, 2024, Bates Stamp ATAKAM

28   000117;

MAC: 17688-001 (#5991508.4)

17.     Letter from Turner to Nevada Agency and Transfer re Legal Opinion – 1,250,500 Shares of BWPC for Andrew Osichnuk, dated February 20, 2024, Bates Stamp ATAKAM 000118-122;

18.     Nevada Secretary of State Entity Details re Blue Water Petroleum, dated May 2, 2024, Bates Stamp ATAKAM 000123-161;

19.     Various Blue Water Petroleum Certificates, Bates Stamp ATAKAM 000162-164;

20.     Blue Water Petroleum Shareholder List, dated July 12, 2022, Bates Stamp ATAKAM 000165-174;

21.     2022 Annual Report

22.     2021 Annual Report

23.     Current Reports

24.     Stock Certificates and Statements

25.     Stock Transfer Requests

26.     BWPC Stock Price

27.     2024 Quarterly Report

28.     Verified Complaint

29.     Ivanov's Answers to Dekhtyar ROGS

30.     BWPC's Answers to Dekhtyar ROGS

31.     BWPC and Ivanov's Second Supplement to Initial Disclosures

32.     Declaration of Amanda Cardinali

33.     Declaration of NATCO Custodian of Records

34.     July 2 Email with Calaway (NATCO 1-6)

35.     July 3 Email with Calaway (NATCO 7-10)

36.     July 5 Letter from Cardinalli to Ivanov (NATCO 11)

37.     July 8 Email from Ivanov (NATCO 12-13)

38.     NATCO Email Correspondence (NATCO 14-2130)

(c)     Electronic evidence: [State whether the parties intent to present electronic evidence for purposes of jury deliberations.]

MAC: 17688-001 (#5991508.4)

      (d)   Depositions:

         (1)   Plaintiff will not offer any depositions.

         (2)   Defendant will not offer any depositions.

      (e)   Objections to depositions:

         (1)   Defendant objects to plaintiff's depositions as follows: N/A

         (2)   Plaintiff objects to defendant's depositions as follows: N/A

**VIII.**   **The following witnesses may be called by the parties at trial:**

      (a)   Provide Names and Addresses of Plaintiff's Witnesses:

         1.   Vladimir Ivanov
             Blue Water Petroleum Corp.
             c/o The Gilmore Law Group PLLC
             1495 Ridgeview Drive, Suite 90
             Reno, NV 89519
             775-848-6387

         2.   Johnathan Leinwand, PA
             18305 Biscayne Blvd, Suite 200,
             Aventura, FL, United States
             Phone: +1.954.903.7856
             jonathan@jdlpa.com

         3.   Amanda Cardinalli
             c/o Robison, Sharp, Sullivan & Brust
             71 Washington Street
             Reno, NV 89503
             775-329-3151

         4.   Andrew Osichnuk, aka Andrei Osichnuk
             c/o Marquis Aurbach Chtd.
             10001 Park Run Drive
             Las Vegas, NV 89145
             702-382-0711

         5.   Alexander Dekhtyar
             c/o Marquis Aurbach Chtd.
             10001 Park Run Drive
             Las Vegas, NV 89145
             702-382-0711

         6.   Jose Kriedler

/ / /

/ / /

/ / /

MAC: 17688-001 (#5991508.4)

(a)    Provide Names and Addresses of Defendant's Witnesses:

1.  Andrew Osichnuk aka Andrei Osichnuk
    c/o Marquis Aurbach, 10001 Park Run Drive
    Las Vegas, NV 89145
    702-382-0711

2.  Alexander Dekhtyar
    c/o Marquis Aurbach, 10001 Park Run Drive
    Las Vegas, NV 89145
    702-382-0711

3.  Atakam Group Inc.
    c/o Marquis Aurbach, 10001 Park Run Drive
    Las Vegas, NV 89145
    702-382-0711

4.  Blue Water Petroleum Corp.
    c/o The Gilmore Law Group PLLC, 1495 Ridgeview Drive, Suite 90,
    Reno, NV 89519
    775-848-6387

5.  Vladimir Ivanov
    c/o The Gilmore Law Group PLLC, 1495 Ridgeview Drive, Suite 90,
    Reno, NV 89519
    775-848-6387

6.  Amanda Cardinalli
    c/o Robison, Sharp, Sullivan & Brust
    71 Washington Street
    Reno, NV 89503
    775-329-3151

16

MAC: 17688-001 (#5991508.4)

7.  Nevada Agency and Transfer Company
    c/o Robison Sharp Sullivan Brust, 71 Washington Street,
    Reno, Nevada 89503
    775-329-3151

8.  Marc Ross, Esq.
    Sichenzia, Ross, Ference, Carmel, LLP
    1185 Avenue of the Americas, 31st Floor
    New York, NY 10036

9.  Johnathan Leinwand PA
    c/o The Gilmore Law Group PLLC
    1495 Ridgeview Drive, Suite 90
    Reno, Nevada 89519
    775-848-6387

10. Jeff Turner, Esq.
    897 Baxter Drive,
    South Jordan, UT 84095
    801-810-4465

11. Owen Naccarato, Esq.
    22600-C Lamber Street,
    Suite 902
    Lake Forest, CA 92630
    949-300-2487

Defendants/Counterclaimants reserve the right to call any of Counterdefendants/Plaintiffs

witnesses.

**IX.    The attorneys or parties have met and jointly offered these three trial dates:**

March 9-13, 2025

March 16-20, 2025

April 13, 2025

It is expressly understood by the undersigned that the court will set the trial of this matter on one

of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's

calendar.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17

**X.**     It is estimated that the trial will take a total of 5 days.

APPROVED AS TO FORM AND CONTENT:

DATED: August 14, 2025.

> THE GILMORE LAW GROUP, PLLC
> 1495 Ridgeview Drive, Suite 90
> Reno, Nevada 89519
>
> _/s/ Frank C. Gilmore_
> FRANK C. GILMORE, ESQ.
> *Attorneys for Plaintiff*

APPROVED AS TO FORM AND CONTENT:

DATED: August 14, 2025.

> MARQUIS AURBACH CHTD.
> 10001 Park Run Drive
> Las Vegas, Nevada 89145
>
> _/s/ Alexander K. Calaway_
> CHAD F. CLEMENT, ESQ.
> ALEXANDER K. CALAWAY, ESQ.
> CHRISTIAN F. MCKINNON, ESQ.
> *Attorneys for Defendants*

APPROVED AS TO FORM AND CONTENT:

DATED: August ___, 2025.

> ALEXANDER H. WALKER III
> 50 West Liberty Street, Suite 880
> Reno, Nevada 89501
>
> ROBISON SHARP SULLIVAN BRUST
> 71 Washington Street
> Reno, Nevada 89503
>
> ALEXANDER H. WALKER III, ESQ.
> CLAYTON P. BRUST, ESQ.
> *Attorneys for Counter defendant*
> *Nevada Agency and Transfer Company*

MAC: 17688-001 (#5991508.4)

## IX.    ACTION BY THE COURT

This case is set for bench trial on the stacked calendar on **April 7, 2026, at 9:00 a.m.**

Calendar call will be held on **March 16, 2026, at 9:00 a.m.**

DATED: August 15, 2025.

_____
UNITED STATES DISTRICT JUDGE

MAC: 17688-001 (#5991508.4)

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of THE GILMORE LAW GROUP, PLLC, and that on this date I caused to be served a true copy of **JOINT PRETRIAL ORDER** on all parties to this action as follows:

_____ by depositing a copy in the United States Mail, first-class postage prepaid addressed to:

**Marquis Aurbach Chtd.**
Chad F. Clement, Esq.
Alexander K. Calaway, Esq.
Christian F. McKinnon, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants*

Alexander H. Walker III
50 West Liberty Street, Suite 880
Reno, Nevada 89501
*Attorneys for Counterdefendant*
*Nevada Agency and Transfer Company*

Clayton P. Brust
ROBISON SHARP SULLIVAN BRUST
71 Washington Street
Reno, Nevada 89503
*Attorneys for Counter defendant*
*Nevada Agency and Transfer Company*

__X__ by using the Court's CM/ECF Electronic Notification System addressed to:

Chad F. Clement, Esq.
Email: cclement@maclaw.com
Alexander K. Calaway, Esq.
Email: acalaway@maclaw.com
Christian F. McKinnon, Esq.
Email: cmckinnon@maclaw.co

Alexander H. Walker III, Esq.
Email: alex@awalkerlaw.com

Clayton P. Brust, Esq.
Email: cbrust@rssblaw.com

DATED:  This 14th day of August, 2025.

_/s/ Mary Carroll Davis_
Employee of The Gilmore Law Group, PLLC

MAC: 17688-001 (#5991508.4)